```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


BODY SCIENCE LLC,                    )
                                     )
                    Plaintiff,       )
-vs-                                 )   Case No. 11 C 03619
                                     )
LIFEWATCH SERVICES, INC.,            )   Chicago, Illinois
                                     )   May 16, 2012
                    Defendant.       )   9:57 a.m.


                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE RUBEN CASTILLO

APPEARANCES:

For the Plaintiff:      MR. MICHAEL STOLARSKI
                        Dykema Gossett PLLC
                        10 South Wacker Drive
                        Suite 2300
                        Chicago, IL  60606
                        (312) 627-2113

For the Defendant:      MR. JASON C. WHITE
                        Morgan Lewis & Bockius LLP
                        77 West Wacker Drive
                        Chicago, IL  60601
                        (312) 324-1775




Court Reporter:

           KATHLEEN M. FENNELL, CSR, RPR, RMR, FCRR
                     Official Court Reporter
                   United States District Court
             219 South Dearborn Street, Suite 2144-A
                       Chicago, Illinois  60604
                     Telephone:  (312) 435-5569
                 e-mail:  Kathyfennell@earthlink.net
```

1    (Proceedings heard in open court:)
2    THE CLERK:  11 C 3619, Body Science versus Boston
3    Scientific.
4    MR. STOLARSKI:  Good morning, your Honor.
5    THE COURT:  Good morning.
6    MR. STOLARSKI:  Good morning.  Michael Stolarski, and
7    with me is Sarah Skolna, a rising third year who's assisting
8    us on this case for the summer.
9    THE COURT:  Okay.
10   MR. WHITE:  Good morning, your Honor.  Jason White
11   for the defendant.
12   THE COURT:  So the easy motion is the amended motion
13   to withdraw as counsel for defendant LifeWatch.  We'll
14   certainly grant that.
15   But the motion that kind of has me a little perplexed
16   is this motion by LifeWatch to modify the default protective
17   order to include a patent prosecution bar.
18   Do you want to explain that?
19   MR. WHITE:  Sure, your Honor, I'd be happy to.
20   We anticipate in this case producing information,
21   technical information, about the operation of products and
22   future development of products; and plaintiff's attorneys, the
23   same firm that represents the plaintiff in this lawsuit, also
24   prosecutes at least one patent --
25   THE COURT:  Okay.

1     MR. WHITE: -- in the Patent Office for the
2 plaintiff, and this plaintiff, its sole business model is to
3 acquire patents to sue third parties on. And so we view the
4 risk of the confidential information about future products in
5 particular as being great if it gets into the hands of
6 somebody that has a role in patent prosecution or patent
7 procurement activities, either in-house counsel or outside
8 counsel.
9     THE COURT: Okay.
10     MR. WHITE: We've been told that right now, the tasks
11 are separated in teams at the firm. And what we're asking is
12 to preserve that status quo.
13     If that's truly the case, then we don't see any
14 problem with preventing people who are prosecuting patents
15 from seeing that confidential information. As I understand
16 it, it won't deny the current litigation counsel access to
17 those because they've said they're not doing that right now.
18     THE COURT: Okay.
19     MR. WHITE: And so that's why we're basically asking
20 that this wall be put up to be permanently in place so that we
21 don't have to worry about turning over those documents to
22 them.
23     And we've tailored and in response to concerns raised
24 by the defendant's counsel, we tailored and amended the
25 prosecution bar language to be very limited in nature. It

1  only applies to procurement activities on behalf of the
2  entities and related entities so that plaintiff's --
3  defendant's counsel, litigation counsel or prosecution
4  counsel, any of them can prosecute patents even in
5  biotelemetry for any other clients in the world other than the
6  related entities to those that have brought suit in this case.
7       THE COURT: Okay.
8       MR. WHITE: So for those reasons, we think it's
9  reasonable and would ask that your Honor adopt that proposal.
10      THE COURT: Okay. Do you object to it?
11      MR. STOLARSKI: Yes, your Honor, we do.
12      You know, we look at the protective order as
13 basically encompassing the protection that defendant is
14 seeking here. If, in fact, there's any misuse of any
15 confidential or highly confidential information there, your
16 Honor, they have the opportunity to come before the Court and
17 make a petition for contempt or sanctions against us --
18      THE COURT: Right.
19      MR. STOLARSKI: -- your Honor.
20      What they're asking for basically is an injunction
21 against anyone in his firm, our firm from engaging in any
22 patent prosecution activity on behalf of our client without
23 any indication of whether or not there is a -- in fact, a
24 trade secret or other information that would warrant that kind
25 of injunction against those parties.

1 Your Honor, the timeframe for which they're
2 requesting that the patent prosecution bar be in place is two
3 years beyond what the litigation might run, and that includes
4 all appeals in this case. So we ultimately are looking at,
5 what they're asking for is that we not consult with our
6 respective clients over the next five to seven years perhaps
7 through appeal on any matters that may or may not be marked as
8 confidential and highly confidential in this case.
9 The fact of the matter is, your Honor, you know from
10 patent cases, I'm sure, that probably 80 percent of the
11 materials that are disclosed in those cases by the parties is
12 typically marked confidential or highly confidential.
13 THE COURT: Right.
14 MR. STOLARSKI: The Federal Circuit in *In Re Deutsche*
15 *Bank* sets various standards on the burden the person seeking a
16 prosecution bar has to meet, your Honor. The defendants
17 simply haven't met them. To say that there is confidential
18 information on future products or current products that they
19 don't want us seeing being the subject matter on an amended
20 claim in a patent is just unwarranted based on the information
21 we have.
22 I suggest, your Honor, that if there is some
23 limitations that would be placed on the parties, if they're
24 concerned about in-house counsel having access to
25 confidential, highly confidential information, we can modify

Case: 1:11-cv-03619 Document #: 150 Filed: 10/10/12 Page 6 of 8 PageID #:1554

6

1  the protective order; but I think a prosecution bar, your
2  Honor, is something that goes beyond what's needed in this
3  particular case in these particular scenarios.
4      Mr. White has informed me that his client does not
5  even, in fact, manufacture the products that are used and the
6  services they are providing in this regard, so I'm not sure
7  whose confidential information or highly confidential
8  information we're talking about with respect to products that
9  might be the subject matter of future patents, your Honor.
10     THE COURT: My conclusion is that the typical
11 sanctions that would apply to a violation of a protective
12 order are sufficient. I will not use the proposed patent
13 prosecution bar. I just think it exceeds what's at issue in
14 this case, and even though it's attempted to be drawn
15 narrowly, I just, in 18 years of doing this, have yet to use
16 one of these prosecution bars, and I don't intend to start
17 with this case.
18     So that motion is going to be denied.
19     MR. WHITE: Your Honor, could we get some
20 representation on the record that prosecution counsel will not
21 be given access to -- and I would only raise one additional
22 thing --
23     THE COURT: Right.
24     MR. WHITE: -- that wasn't in our motion.
25     THE COURT: Sure.

1  MR. WHITE: And this was something that I pulled off
2  the patent website this morning.
3  THE COURT: Go ahead.
4  MR. WHITE: This is the list of attorneys and agents
5  that have a power of attorney to prosecute the patent at issue
6  for the plaintiff --
7  THE COURT: Okay.
8  MR. WHITE: -- and it includes three attorneys that
9  are counsel of record in the litigation.
10  So I know they've said that there are different
11  teams, but this at least gives me some pause as to whether
12  there's significant overlap or not.
13  And so I would at least ask that we be given some
14  sort of assurance that the current wall between the two groups
15  be kept there. I think U.S. Steel said specifically that
16  patent prosecution activities are the type of things that are
17  subject to these bars. We can modify the two-year term if
18  that's an issue, and we're not prohibiting them from
19  consulting with their client. It's only in the very narrow
20  range of procurement activities.
21  THE COURT: Okay. I just don't think it's necessary
22  in this case, but anything you want to say about your ethical
23  responsibilities?
24  MR. STOLARSKI: Well, your Honor, we feel --
25  obviously we're going to abide by the tenets of the protective

1 order in this case.  We have advised Mr. White in the past
2 that prosecution attorneys who are working on these matters on
3 behalf of the plaintiff in this case are not going to be
4 involved in the trial of this case.
5 　　　　　To the extent that the list of patent attorneys who
6 are listed as being agents or potential attorneys for the
7 plaintiff on these matters, your Honor, I can assure you that
8 they are currently not doing any work that would be on behalf
9 of the client with respect to patent prosecution activities in
10 this regard.
11 　　　　　THE COURT:  I'm satisfied.  All you would do is hurt
12 your law firm if you mixed and matched these teams.  That's
13 all I will say.
14 　　　　　MR. STOLARSKI:  Well --
15 　　　　　THE COURT:  Leave it at that.
16 　　　　　Thank you.
17 　　　　　MR. STOLARSKI:  Thank you, your Honor.
18 　　　　　MR. WHITE:  Thank you, your Honor.
19 　　　(Which were all the proceedings heard.)
20 　　　　　　　　　　　　　　CERTIFICATE
21 　　I certify that the foregoing is a correct transcript from
22 the record of proceedings in the above-entitled matter.
23 */s/Kathleen M. Fennell*　　　　　　　*June 14, 2012*
24 _____　　　_____
　　Kathleen M. Fennell　　　　　　　　　　　　Date
25 Official Court Reporter